62

(No. 1594— .

ILLINOIS STOKER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*
*Rehearing granted November 12, 1930.*
*Opinion on Rehearing filed March 9, 1932.*

GREEN & VERLIE, for claimant.

OSCAR E. CARLSTROM, Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover $360.00 for furnishing repairs to a certain stoker located upon the premises of the Illinois State Normal University at Normal, Illinois.

It appears that the president of this institution made arrangements for the repairs in question, that the repairs were installed and that the price claimed was reasonable, although there were certain issues as to whether or not certain general contractor should not be held liable for the repairs in question; however, that is not an issue determined by this court.

The court takes the same position as was taken in the case of the Illinois Bell Telephone Company, No. 1558 and the Individual Towel and Cabinet Service Company, No. 1547, in that the appropriation made by the General Assembly for the repair and maintenance as is made to the institution in this case, should be the guide in the matter of expenditures. The Constitution of this State will not permit this court, or any other legal body to grant relief other than that permitted by the Legislature. The appropriation was made for repair

and re-building and all repairs should be made through this appropriation. If any other rule should be adopted, no limitations would be considered in the matter of expenditures by any department of the State.

In other words, this institution and other institutions of the State should live within the means provided by the Legislature, the same as an employee would be required to live within the salary provided during the course of employment. An employee cannot incur extra expenses or extra liability beyond the salary received, but look forward and provide for the payment of necessary expense from the emoluments to be received.

The court is of the opinion that claimant furnished material and performed services as claimed without authority. This might appear unjust, but it is assumed that all persons must know the requirements of the law and assume all burdens imposed by the law in their dealings with the State of Illinois, the same as a private corporation, or an individual. Therefore, the claim is disallowed.

A petition for rehearing having been granted by the court, the following opinion was rendered on rehearing:

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant asks the sum of Three Hundred and Sixty ($360.00) Dollars as the amount due for furnishing lower skids for repairs of a certain stoked located on the premises of the Illinois State Normal University, Normal, Illinois.

It appears that the Division of Architects and Engineering have approved said claim as being just and reasonable as was ordered by the president of the University.

The court heretofore disallowed the claim and thereafter granted a rehearing with the thought in mind largely as to the necessity of proper heating facilities. When the claim was disallowed the court had in mind the fact that the appropriation made for this purpose was exceeded. However, it appears now that when the contract was made for these repairs that there was sufficient funds left in the appropriation to care for same. However, the court wishes to have it understood that the first opinion filed contains principles that should be followed in that all the departments of the State should carry out their program within the means provided

by the Legislature and that any petition filed in this court for relief should be from an equitable and good conscience viewpoint.

This claim appears to be within the idea sought to be conveyed by the above viewpoint and therefore this court recommends that the claimant be allowed the sum of Three Hundred and Sixty ($360.00) Dollars.